IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAURICE RICHARDSON,      :
                         :
        Plaintiff,       :    CIVIL ACTION NO. 19-536
                         :
    v.                   :
                         :
GEORGE W. HILL CORRECTIONAL :
FACILITY,                :
                         :
        Defendant.       :

**MEMORANDUM OPINION**

Smith, J.                                                              March 12, 2019

The *pro se* plaintiff has brought this action under 42 U.S.C § 1983 based on claims that the defendant county correctional facility violated his constitutional rights when it required him to reside in a three-person cell for approximately 30 days. He has also applied for leave to proceed *in forma pauperis*. Although the court will allow the plaintiff to proceed *in forma pauperis*, the court will dismiss the complaint because the plaintiff has sued an improper party and has failed to plausibly allege a constitutional violation. The court will provide the plaintiff with leave to file an amended complaint to the extent he can rectify these deficiencies.

**I.    ALLEGATIONS AND PROCEDURAL HISTORY**

The *pro se* plaintiff, Maurice Richardson ("Richardson"), filed a complaint and application for leave to proceed *in forma pauperis* on February 6, 2019. *See* Doc. Nos. 1, 2. On February 11, 2019, the court entered an order denying the *in forma pauperis* application without prejudice because Richardson failed to provide enough financial information to allow the court to determine whether he could pay the filing fee to commence the case. *See* Order, Doc. No. 4. The court gave Richardson 30 days to file a completed *in forma pauperis* application or pay the filing and

administrative fees. *See id.* On March 11, 2019, Richardson filed a new *in forma pauperis* application (the "IFP Application"). *See* Doc. No. 5.

In the complaint, Richardson alleges that he was incarcerated at the George W. Hill Correctional Facility ("GWHCF") from November 8, 2018, to December 10, 2018. *See* Compl. at 3, Doc. No. 2. He alleges that from November 8, 2018, to November 10, 2018, he "was on intake in a 3 man cell." *Id.* He then "moved to cell block 4D cell 101 which was also a 3 man cell." *Id.* He remained in this cell for the remainder of the time he spent at GWHCF. *See id.* He argues that "for 31 days [he] had to pee, poop, with 2 other men in a cell[, and had to] smell 2 other mens['] farts and nasty breath." *Id.*

According to Richardson, "3 men to a cell is not a sutible [sic] way of living." *Id.* He "believe[s] there was already a settlement in which the prison already paid out to which [sic] gets paid to the ones who go and collect. I believe it was $100 to $150 a day for being in a 3 man cell." *Id.* at 4. Richardson "would like to collect the highest amount possible for these actions." *Id.*

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, §

2

> 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Richardson is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

**B.** **Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B)**

Because the court has granted Richardson leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is

frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch*, 67 F.3d at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

### C. <u>Analysis</u>

#### 1. Deficiency Regarding the Named Defendant

Richardson brings his claims against GWHCF under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 47 (1988). Richardson's complaint fails to state a claim for relief because he has named only GWHCF as a defendant in this matter and this entity is not a proper defendant in a section 1983 action.

In this regard, section 1983 provides in pertinent part as follows:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added).

As evidenced by a review of the statute, section 1983 "applies only to 'persons.'" *Fraser v. Pa. State Sys. of Higher Educ.*, No. CIV. A. 92-6210, 1994 WL 242527, at *5 (E.D. Pa. June 6, 1994), *aff'd*, 52 F.3d 314 (3d Cir. 1995). GWHCF is the county prison for Delaware County. *See Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) (stating that "Delaware County Prison[ is] now known as the George W. Hill Correctional Facility"), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). A county correctional facility, such as GWHCF, is not a "person" under section 1983. *See Ignudo v. McPhearson*, No. Civ.A. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004) ("[Plaintiff] also names as a Defendant the George W.

Hill Correctional Facility. The George W. Hill Correctional Facility is not a legal entity susceptible to suit."); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (per curiam) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (per curiam) (determining that district court properly concluded that county prison is not "person" within meaning of section 1983). For this reason alone, Richardson's complaint is subject to dismissal. Richardson's claims also suffer from other deficiencies, which the court addresses below.

### 2. Additional Deficiencies with the Complaint

Richardson takes issue with the fact that he had to share a cell with two other men during his incarceration at GWHCF. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment applies to claims by pretrial detainees. *See Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because Richardson has not alleged his status during his incarceration in the complaint, the court will analyze the complaint under both amendments.

For the Eighth Amendment, conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n

prison-condition cases . . . is one of deliberate indifference to inmate health or safety." *Id.* (citations and internal quotation marks omitted).

To establish a constitutional violation under the Fourteenth Amendment, a pretrial detainee plaintiff would have to plausibly allege that the challenged conditions of confinement amount to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 538 (1979) ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee."). When analyzing whether a condition of confinement amounts to punishment, the inquiry generally turns on whether the challenged conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538–39 ("A court must decide whether the [particular restriction or condition accompanying pretrial detention] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose."); *Hubbard I*, 399 F.3d at 158 (discussing analysis of whether condition of confinement constitutes punishment for Fourteenth Amendment purposes).[1] In addition, the court should consider the totality of the circumstances in assessing whether a prisoner's conditions of confinement violate the Fourteenth Amendment. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236, 238 (3d Cir. 2008) (examining totality of circumstances to determine whether conditions of confinement constitute Fourteenth Amendment violation);

---

[1] The *Bell* Court also explained:
> Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

441 U.S. at 538–39 (internal quotation marks, citations, and footnote omitted).

7

*Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996) (explaining that "to determine whether conditions of confinement violate the Eighth Amendment, it is necessary to examine the totality of the conditions at the institution"); *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000–01 (3d Cir. 1983) (discussing that "the overall length of confinement is only one factor among several that must be considered by a district court in evaluating the totality of circumstances relevant to any alleged constitutional deficiency in shelter"). "In evaluating the conditions, the court must look to a number of factors, including the size of the detainee's living space, the length of confinement, the amount of time spent in the confined area each day, and the opportunity for exercise." *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647, 650 (8th Cir. 1996).

In this case, Richardson takes issue with his assignment to a cell with two other men. He claims that it was not a "sutible [sic] way of living" to have to take care of his bodily functions in front of two other men and be exposed to their flatulence and bad breath. *See* Compl. at 3. Housing multiple inmates in a cell; however, does not alone establish a constitutional violation. *See Hubbard II*, 538 F.3d at 236 & n.6 (explaining that "our own precedents have never established a right of pretrial detainees to be free from triple-celling or from sleeping on a mattress placed on the floor"); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). The totality of the circumstances alleged in the complaint does not establish a constitutional violation because Richardson has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (concluding that double-bunking did not violate constitutional rights of pretrial detainees when detainees had

sufficient space for sleeping and use of common areas, and average length of incarceration was 60 days); *Hubbard II*, 538 F.3d at 232-35 (concluding that triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *see also Walker v. George W. Hill Correctional*, Civ. A. No. 18-CV-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding). Accordingly, Richardson has failed to state a claim regarding his allegations of overcrowding at this time.

### D. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). In this case, the court finds that amending the complaint would not be futile, so the court will grant Richardson leave to file an amended complaint.

### III. CONCLUSION

For the foregoing reasons, the court will grant Richardson leave to proceed *in forma pauperis* and dismiss the complaint for the failure to state a claim under 28 U.S.C. §

1915(e)(2)(B)(ii). This dismissal will be without prejudice to Richardson's right to file an amended complaint within 30 days if he can cure the defects noted above.

The court will enter a separate order.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.